## No. 17,128.

TAYLOR ET AL. *v.* ARNEILL ET AL.

(268 P. [2d] 695)

Decided March 15, 1954.  Rehearing denied April 12, 1954.

Mr. THOMAS K. HUDSON, Mr. ROBERT E. HOLLAND, for plaintiffs in error.

Messrs. GRANT, SHAFROTH & TOLL, Mr. FRANK H. SHAF-FROTH, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court where defendants in error were plaintiffs and plaintiffs in error were defendants.

It is clear from the record that defendant Theodore N. Taylor is a nominal party only; that he at no time took any part in the transaction involved, and is a party only by reason of the fact that the title to the premises involved was placed in the joint names of Dorothy A. Taylor and himself as a matter of convenience.

Prior to 1946, Van Schaack and Company, Denver real-estate brokers, owned real estate extending from Lincoln street to Sherman street with a frontage on each street of 70.15 feet. No alley divided the area and the distance of the ground from west to east was 266 feet. Van Schaack and Company caused a survey of the land to be made in June 1946, and thereafter divided the tract into two plots of ground. The division was made by sales of specified areas to two separate purchasers. A Mr. Thomas purchased the plot fronting on Lincoln street extending east for sixty feet. Defendant Dorothy A. Taylor bought the remaining 206 feet with the 70.15 frontage on Sherman street. Van Schaack and Company was the vendor of each of these parcels of land and under no circumstances presented by the present record can it be said that the company was ignorant of the extent of the ground conveyed to Dorothy A. Taylor, because by its own act it had specifically defined the actual boundaries of the land she purchased. Upon this plot of ground there was located a hotel property known as the Lancaster Hotel, and other buildings. The sale of the hotel property to defendants was made November 20, 1946, and thereafter, on January 10, 1947, they gave an exclusive listing of the property to Van Schaack and Company for sale on specified terms. This listing, authorizing the company to act as the agent in the sale of the premises, expired by express provision on May 1st, 1947. It was not continued or renewed, and, in so far as the company was concerned, the Lancaster Hotel property

was withdrawn from the market at the time of expiration of the period covered by the exclusive listing.

Plaintiff James Rae Arneill, a medical doctor, was looking for property which would be suitable for use as a clinic. He contacted Van Schaack and Company in February, 1948, and Mr. Gregory, who was vice president of the company in charge of sales, recalled the former listing of the Lancaster Hotel property. Gregory testified that he, "then telephoned Miss Taylor and asked her for permission to show the property, which she granted." Dorothy Taylor testified concerning this conversation as follows: "A. Yes, Mr. Gregory called me by phone. He said, 'Miss Taylor, do you still have the Lancaster Hotel?' I said, 'Yes, I have.' He said, 'Is it still in the market for sale?' I said, 'Yes, I'm trying to sell it.' And he said, 'I would like to show it.' I told him, 'I have a prospect of my own.' He said, 'Miss Taylor, I have a client who was interested in the hotel before you bought it. He is now again highly interested, and I would like to show my client the hotel.' Then he asked me what my price was.

"Q. What did you tell him?

"A. I told him I wanted $148,000.00 net to me. I told him, 'Mr. Gregory, you know more about property than I do. My brother is the lessee who operates the hotel. You will have to phone him in order to show the hotel rooms at his convenience, as you would have to do if anybody else was leasing it.' "

Defendant Dorothy A. Taylor did not live at the hotel at this time, and did not see or speak to Dr. Arneill prior to the time the contract for sale of the property was completed. Negotiations were conducted by Mr. Gregory between Dr. Arneill and Dorothy A. Taylor which culminated in the execution of a contract under which plaintiffs purchased the hotel premises from defendants. It is undisputed that defendants personally made no representations to anyone concerning the boundaries of the property.

Defendant Dorothy A. Taylor insisted on receiving $148,000.00 net for the premises, including the furniture and equipment. Dr. Arneill offered $145,000.00. In order that a deal could be closed, Mr. Gregory, on behalf of Van Schaack and Company, made an agreement with Dr. Arneill under which a commission could be paid to the company for effecting the sale. He described this arrangement as follows: "I entered into an arrangement with Dr. Arneill that he would raise the price to $148,000 and initial it, which he did raise it from $145,000 to $148,000, and that Van Schaack & Company would do a little gambling with him, and that we would take over the sale of the furniture and furnishings and equipment, which he did not want, and that he would get the first $3000 proceeds from the sale of the furniture, furnishings and equipment. That was his $3000 raise from $145,-000 to $148,000, that we would get the next $3000, and that we would divide any surplus over $6000, * * *." Thus the sale of the furniture which Dr. Arneill bought, and which was sold as his own property, provided the money with which to pay the commission to Van Schaack and Company.

It is alleged in the complaint in this action that during the time when Dr. Arneill was considering the purchase of the property, and prior to the execution of the contract, "Dorothy A. Taylor herself and her agents exhibited to plaintiffs the hotel property, including the premises immediately in the rear of the hotel building and each represented to plaintiffs that the property offered for sale by Dorothy A. Taylor extended west to the edge of a large abutment which lies approximately forty (40) feet east of the east line of Lincoln Street." It further is alleged, in effect, that defendants and their agents pointed out, as the west boundary of the Lancaster Hotel property, a line 22.5 feet beyond the line of the property which actually was owned by defendants, and that the deed delivered to plaintiffs failed to include this 22.5 feet of ground which was represented to be within the

land to be sold. Plaintiffs also alleged that the land in question was a major inducement to enter into the contract, in that it was needed for automobile parking facilities.

As already mentioned, Van Schaack and Company divided the original tract into a westerly plot which was sixty feet in depth fronting on Lincoln street, and an easterly plot which was 206 feet in depth fronting on Sherman street. The westerly tract was on two separate levels. The tract within the first forty feet east from Lincoln street was on an approximate level with that street, but the area included within the rear twenty feet was sharply elevated and on an approximate level with the land conveyed by Van Schaack and Company to defendants. The two levels were protected against disintegration by a retaining wall and abutment. The area of land forming the basis of this dispute is that portion of the west sixty-foot tract which is on the higher level. At approximately the west edge of this higher level there was a row of trees.

Plaintiff alleged that after the above mentioned contract was carried out, defendants bought the plot fronting on Lincoln street, and thus they are the owners of the ground in dispute. By the record it is admitted that defendants, for some time prior to February, 1948, had been negotiating for purchase of the ground west of the hotel property which fronted on Lincoln street, and that this purchase was made following the sale of the hotel property. Plaintiffs sought to compel defendants to deed to them the 22.5 feet of ground which they assertedly believed to be within the boundary of the hotel property. The crux of their case is presented by the allegation that: "Defendant Dorothy A. Taylor and her agents either acted fraudulently, knowing their representations to be false, or they acted mistakenly, honestly believing their representations to be true, when they represented that said strip was part of the property described in the

contract and conveyed by the deed." Plaintiffs filed a lis pendens against the property.

Defendants denied any misrepresentations concerning the west boundary of the property; denied that they had any agent authorized to represent them in the sale of the property; and placed in issue every material allegation contained in plaintiffs' complaint. For counterclaim they alleged damage as a result of the filing of the lis pendens against their Lincoln street property which prevented the sale thereof at a profit to them.

After trial to the court, findings and judgment were entered in favor of plaintiffs, directing defendants to convey to them a portion of the ground in dispute. Defendants, seeking reversal of the judgment, bring the cause here for review by writ of error.

The evidence offered on behalf of plaintiffs tends to establish that two persons made representations to Dr. Arneill to the effect that the west boundary line of the hotel property was the retaining wall or abutment immediately west of the line of trees. These persons were Mr. Gregory and one Arthur Taylor, a relative of Dorothy Taylor. Mr. Gregory freely admitted that in showing the property to Dr. Arneill he stated the line of the property to be at the retaining wall near the line of trees; however, he also admitted that he was mistaken. In referring to the sixty-foot plot to the west of the hotel property he stated, "It was always my impression that the 60 foot line was where the trees are, and I was mistaken." He was vice president of Van Schaack and Company in charge of sales at the time that company divided the property into two plots. He had seen brochures of the property, which the company had prepared, showing detailed descriptions and photographs of the hotel. These brochures gave the exact measurements of the area included within the property which was offered for sale by defendants. Dr. Arneill saw these brochures and stated that he had read all the information contained therein before entering into any contract. In these

documents attention was specifically called to the fact that the frontage on Sherman street was 70.15 feet and that the property extended westward from the Sherman street property line for a distance of 206 feet. In addition to the legal description by lots and blocks and portions thereof, it was specifically set out in the contract which Dr. Arneill and defendant Dorothy Taylor signed, that the area was "70.15 ft. x 206 ft., more or less." Dr. Arneill measured the frontage, but contends that he didn't measure the depth. Arthur Taylor, the other person who, Dr. Arneill testified, gave him misinformation concerning the west property line, was the tenant of defendants and operated the hotel under the terms of a lease. There is no evidence sufficient to establish that any agency existed between Arthur Taylor and defendants.

It is argued by counsel for defendants that no false representation was made by them, or any agent for them; that Van Schaack and Company was not the agent of defendants; that plaintiffs did not rely on any statements made by any persons in connection with the property, but conducted their own investigations; and that the evidence as a whole is insufficient to justify the decree reforming the deed to include any portion of the disputed ground.

Question to be Determined.

*Assuming, without so deciding, that Van Schaack and Company was the agent of Dorothy A. Taylor in effecting sale of the property, and that representations made by its agents are binding upon Mrs. Taylor, can Dr. Arneill prevail in this action in view of the undisputed evidence that he conducted his own investigations, made numerous inspections of the property, and had all the means and information at hand and available from which he could have ascertained the west boundary of the tract but nevertheless failed and neglected to do so?*

The question is answered in the negative. We emphasize the fact that in this case there is no evidence whatever of any misrepresentation on the part of defendants.

If they are to be held accountable, an agency must be established between them and Van Schaack and Company. Mrs. Taylor had no reason whatever to suspect or anticipate that the company which had divided the property and actually fixed the west boundary thereof would misrepresent it to Dr. Arneill. We do not determine in this opinion whether the company was the agent of Mrs. Taylor, or whether it was the agent of Dr. Arneill.

We are satisfied that another well-established principle of law, applicable to the undisputed facts in this action, makes it unnecessary for us to decide the agency question. The rule to which we refer was set out at some length in the case of *Bosick v. Youngblood,* 95 Colo. 532, 37 P. (2d) 1095. In that case it was contended that plaintiff suffered damage in a real-estate transfer which was brought about through reliance on false representations of an alleged agent of the defendant. In holding that plaintiff could not recover, our Court said, inter alia: "After the exchange of properties was proposed, plaintiff, without interference or concealment on the part of the defendant, regardless of the representations, however positive, if made, had ample time and opportunity to examine into the real facts, and was requested by defendant to so do. So far as such opportunity was concerned, she was on equal footing with defendant, the property was near, plaintiff found it convenient to and did visit and inspect the property with others who were disinterested. She commenced an inquiry and, there being no interference, could have completed same to her fullest satisfaction. This substantially weakens her testimony and allegation of full reliance on defendant's representations. If she didn't want to be otherwise satisfied, she must accept the results of her inexcusable failure.

" 'The plainest motives of expediency and of justice require that he should be charged with all the know-

ledge which he might have obtained had he pursued the inquiry to the end with diligence and completeness.' 2 Pomeroy's Equity Jurisprudence (4th Ed.), §893.

" 'There was nothing done to prevent him from making a full investigation of this property. The means of knowledge were readily at hand and available to him. If a purchaser of land does not avail himself of the means and opportunities which are afforded him for acquainting himself with the character and value of the land, he will not be heard to say that he has been deceived by vendor's representations. *Farnsworth v. Duffner,* 142 U.S. 43, 12 Sup. Ct. 164, 35 L.Ed. 931.' *Troutman v. Stiles,* 87 Colo. 597, 290 Pac. 281."

This rule was applied under similar circumstances in *Troutman v. Stiles,* 87 Colo. 597, 290 Pac. 281. It is stated in part in volume 23 American Jurisprudence at page 962, as follows: "Under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, it is well agreed that where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations."

There can be no question that in the instant case, where one of two innocent parties must suffer from the misrepresentations alleged to have been made, the loss should be borne by the party who negligently failed to ascertain that which must have been most apparent to one exercising ordinary and reasonable care for his own protection.

The trial court should entertain such further proceedings as shall be necessary to determine what damages, if any, have been sustained by the defendants by reason of the lis pendens filed upon their property. Nothing in this opinion is intended to be decisive of any issue of law or fact in connection with the issues joined upon defendants' counterclaim.

194

Accordingly, the judgment is reversed and the cause remanded with direction to dismiss plaintiffs' complaint.

Mr. Justice Holland not participating.